KRESS & OWEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12565, 18454.   Promulgated June 29, 1928.

*John A. Conlin, C. P. A.*, for the petitioner.
*John F. Greaney, Esq.*, for the respondent.

OPINION.

MILLIKEN: The petitioner seeks in these proceedings to capitalize a part of the advertising costs during a series of years, which it charged to expense, or cost of sales. It is the theory of the petitioner that part of the cost of advertising was for the purpose of current sales and properly chargeable to current expense, but that the remainder was expended for the purpose of building up a trade-name and good will for its product "Glyco-Thymoline," which would give it a permanent value and this should be allowed as invested capital. Throughout the history of the petitioner these advertising and promotion expenses were uniformly charged against cost of sales, and no attempt whatever was made to segregate the one class of expenditure from the other, nor was such attempt made in the evidence.

The amount of advertising expense which petitioner seeks to take into invested capital is arrived at in a theoretical manner as follows: the peak of the advertising campaign was reached in 1908 and from that time until 1921 only normal advertising for current sales purposes was indulged in. During this period the sales were $7,588,202.85 and advertising expenses were $1,540,708.45, which gives a percentage of advertising expenditure to sales of 20.3 per cent.

Using this ratio to the period from 1895 to 1908, when the sales were $2,706,581.93 and advertising expenditures were $1,041,358.61, it will be found that there would have been a normal advertising expenditure of but $549,436.14. The excess expenditure of $491,922.47 petitioner asks be considered as invested capital. The basis for the claim is founded upon guess work and surmise, with no concrete evidence to test the accuracy or to support its correctness and presents a situation such as the Board declined to follow in *Carter Medicine Co.*, 3 B. T. A. 212.

In a number of other cases the Board has refused to consider advertising expenditures as invested capital where the taxpayers themselves had charged them to current expenses and no proof of segregation was introduced. In *Richmond Hosiery Mills*, 6 B. T. A. 1247, it was said:

The Board is satisfied that the advertising campaign carried on from 1908 to 1914 had for its major purpose the establishing of the trade-mark "Wunder-hose" in such a way in the minds of the public purchasing this grade of hose

that benefits to the petitioner would flow therefrom beyond the year when the expenditures were made, but we are not convinced that the entire amount was a capital expenditure when made nor are we satisfied that it resulted in the acquisition of an asset which was yet in existence to the extent claimed in the years on appeal. It may be that in such cases as this upon a proper showing, some portion of the total amount expended for advertising could be capitalized, but when we look to all of the facts and circumstances disclosed by the record in this proceeding any attempt to make an allocation as between expense and capital would be a mere guess unsupported by any sound reason. The action of the Commissioner in eliminating this item from invested capital must, therefore, be sustained.

Cf. *Northwestern Yeast Co.*, 5 B. T. A. 232; *Colonial Ice Cream Co.*, 7 B. T. A. 154; and *E. C. McKallor Drug Co.*, 1 B. T. A. 1017.

In the cases cited by petitioner it was clear that the expenditures were capital expenditures and the only question involved was whether they could be restored to invested capital after having been charged to expense. They do not apply here because it is the character of the expenditure that is in dispute, and not the right to restore it to invested capital. Cf. *Goodell-Pratt Co.*, 3 B. T. A. 30.

We are convinced that a part of the expenditures made during the years prior to 1909 did result in the profitable business enjoyed in years subsequent thereto and reaching into the years before us and as a result may be regarded as a capital investment rather than a deductible expense for the year in which incurred or paid. But what part of the expenditures set forth in the findings of fact may be so treated, we are unable to determine.

Reviewed by the Board.

*Further proceeding will be had under Rule 62(b).*